STATE OF OREGON,
*Appellant,*

*v.*

ROBERT LEE SWEENEY,
*Respondent.*

(CR 86-0117; CA A44497)

745 P2d 439

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Henry Silberblatt, Attorney at Law, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

The state appeals from an order dismissing this DUII case. The order was entered after the court suppressed the results of an Intoxilyzer test on the ground that the evidence card was not signed by the Intoxilyzer operator. We reverse.

Officers Walker and Zaugg arrested defendant for driving under the influence of intoxicants. Defendant consented to an Intoxilyzer test. Both officers are certified to administer the test. While Zaugg observed defendant for the required pre-test period, Walker prepared the Intoxilyzer. Walker administered the test, which showed a blood alcohol level of .16 percent.

Walker completed and signed the operator's checklist, which states, in essence, that the test procedure was followed and that the "evidence card reading" was ".16%." Zaugg completed the evidence card, a printout from the Intoxilyzer with the test result and blank spaces for the name of the police agency, the name of the "subject being tested" and the name and signature of the Intoxilyzer operator. Zaugg completed the card and wrote in his name as the operator, even though it was actually Walker, and signed the card. The trial court suppressed the test result, because Walker did not sign the evidence card.

OAR 257-30-020(1) prescribes the procedure to be followed in conducting a breath test. Subsection (a) specifies what information shall appear on the operator's checklist:

"(a) Test identification. A checklist containing an outline of the approved procedure, name of the subject to be tested, date, and time of the test, name of person requesting test and his agency, operator's name, permit number and enforcement agency, location of test, instrument model and serial numbers, recognition of 15-minute per-test [*sic*] requirement, result of test and percent blood alcohol, and operator's signature shall be used and completed by all operators of this instrument."

Subsection (c) details the procedures to be followed in administering the test and provides, in part:

"(H) Remove the evidence card from the printer slot and retain as evidence. Record the test result, indicated opposite

the letter 'B' on the evidence card, on the operator's checklist."

Walker operated the Intoxilyzer, completed the checklist, and recorded the test result shown on the evidence card on the checklist, as required by subsection (c)(H). Zaugg removed the card from the Intoxilyzer, and the card was retained as evidence, also as required by subsection (c)(H). The rule does not require that the evidence card be signed by the operator or by anyone else.

Nonetheless, defendant contends that the test result is untrustworthy, because it lacks the proper foundation. He argues that, because the *checklist* (not the rule) provides:

"(H)  The operator removed the evidence card from the printer slot and filled in at least the following information: operator's name, subject's name, date and time of sample taken, instrument serial number, operator's signature"

and because Walker, the operator, did not personally perform that part of the test procedure, the proper foundation is lacking. We disagree.

The procedure in section (H) of the checklist is not mandated by the rule. As we said in *State v. McClary*, 59 Or App 553, 557, 651 P2d 145 (1982), "When the question is one of admissibility, the court need look only to those procedures that are mandated." In this case, the operator's failure to follow section (H) on the checklist did not affect the test result or make it untrustworthy.

Reversed and remanded.